UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS CARTER**,<br><br>Plaintiff,<br><br>vs.<br><br>**SGT. J. KENDRICK, ET AL.**,<br><br>Defendant. | **20-CV-11541-TGB**<br><br>**ORDER DISMISSING ACTION** |

**ORDER SUMMARILY DISMISSING CASE**

Dennis Carter, a pretrial detainee incarcerated at the Oakland County Jail, has filed a *pro se* complaint pursuant to 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

**I. Background**

According to the Oakland County Jail website, Plaintiff was booked into jail on July 5, 2018. And according to the Oakland Circuit Court docket sheet, Plaintiff is being held as a pretrial detainee on charges of

1

burglary and attempted armed robbery, stemming from an incident occurring on June 18, 2018. *People v. Carter*, Oakland Circuit Court Nos. 2018-268158 and 2018-268159.

The threadbare complaint contains fragmentary factual allegations. Plaintiff asserts that on August 5, 2019, while he was confined in the Oakland County Jail, Defendant Sgt. J. Kendrick of the Oakland County Sheriff's Department issued Plaintiff a citation for larceny. Plaintiff claims that the citation was based on false information, that Kendrick falsely stated on the citation that "[Plaintiff] was on the bench [and] took glasses." ECF No. 1, Page.ID.3. Plaintiff asserts that the false citation violated his Fourth, Fifth, and Fourteenth Amendment rights to be free from unreasonable seizure because the citation was issued without probable cause. *Id.* For damages, Plaintiff claims only that Defendant's action "caused mental anguish, defamation and cruel and unusual punishment." *Id.*

## II. Standard

Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2);

2

*McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

3

that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

### III. Discussion

As best as the Court can determine, Plaintiff claims that Defendant Kendrick lacked probable cause to issue him a misdemeanor citation for an alleged larceny occurring on August 5, 2019. Plaintiff was booked into jail on July 5, 2018. Plaintiff does not explicitly assert where the incident giving rise to the citation occurred, but the complaint suggests the incident occurred at the jail by stating, "Dennis Carter, Plaintiff, was confined in the Oakland County Jail." ECF No. 1, Page.ID.1.

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court questioned whether a person who is confined as a pretrial detainee or convicted person is entitled to the protections of the Fourth Amendment. *Id.* at 556-57; *see also Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (recognizing that the Fourth Amendment typically protects free citizens, the Eighth Amendment is the primary protection for convicted persons, and the Fourteenth Amendment protects pretrial detainees). The only facts alleged by Plaintiff, that the officer issued a citation without probable cause, are the kinds of facts that speak to rights under the Fourth Amendment, which prohibits any seizures or searches unless there is probable cause. Plaintiff does not attempt to state an Eighth Amendment claim, nor does he assert facts indicating how he was denied

4

due process. Accordingly, Plaintiff fails to state a claim that any of his constitutional rights were violated by virtue of the issuance of a larceny citation without probable cause. Moreover, it is unclear whether Plaintiff's citation is a criminal citation or an internal jail behavioral citation, but if it is the latter, Plaintiff presumably should have been afforded the opportunity to challenge or grieve the citation, and utilize the administrative process to test the validity of its factual basis.

Plaintiff additionally fails to assert that he was deprived of his liberty as a result of the citation, nor does he allege any other form of compensable injury. At most, Plaintiff seems to claim some form of mental or emotional injury as a result of the incident. Title 42 U.S.C. § 1997e(e), however, precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit repeatedly has held that claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g., Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Accordingly, Plaintiff has failed to state a claim for the additional reason that he has not asserted facts indicating a compensable injury.

Plaintiff's threadbare complaint simply fails to contain sufficient factual allegations for the Court to determine that he states any claim for

5

relief under § 1983. *Allen v. NCL Am. LLC*, 741 F. App'x. 292, 2018 WL 3359206, at *4 (6th Cir. 2018) (A complaint "alleg[ing] a paucity of facts and a plethora of conclusory allegations and legal conclusions masquerading as allegations of fact" fails to state a claim upon which relief can be granted.).

## IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**SO ORDERED**.

Dated: July 22, 2020       s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

6